**UNITED STATES of America**

v.

**Saverio L. PELLEGRINI.**

Crim. No. 61–196.

United States District Court
D. Massachusetts.

Oct. 11, 1961.

W. Arthur Garrity, Jr., Daniel B. Bickford, Asst. U. S. Atty., Boston, Mass., for plaintiff.

Francis J. DiMento, DiMento & Sullivan, Boston, Mass., for defendant.

CAFFREY, District Judge.

This matter came on for argument of counsel on defendant's motion for bill of particulars. At the argument the Assistant United States Attorney assigned to the case orally advised the Court and counsel for the defendant as to the substance of the Government's position on each of the four paragraphs contained in the motion. Counsel for the defendant indicated dissatisfaction with the statements of the Assistant United States Attorney primarily for the stated reason that these informal answers do not "pin down the Government." I understand that the prime purpose of the allowance of particulars is to advise the defendant more fully as to the nature of the charges he must meet, so as to eliminate the element of surprise at the trial. While "pinning down the Government" may be an incidental boon to a defendant in a situation where a motion for bill of particulars is allowed, it is an incidental benefit at best and not the prime consideration in allowing or disallowing the motion.

It has not been shown that even prescinding from the oral disclosures by Government counsel, this indictment fails

to properly acquaint defendant with the nature of the charges pending against him or that the charges against him are not sufficiently clear to obviate any danger of surprise at the trial.

Motion for bill of particulars is denied.